UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by VT D.C.
ELECTRONIC

June 8, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**PAUL A. HERMAN**
**Plaintiff,**

v.

**COMPLETE COLLECTION SERVICE
OF SOUTH FLORIDA, INC.
Defendant.**
_____/

Judge:

Case no:
09-CV-80851-Dimitrouleas-Snow

## ORIGINAL COMPLAINT
(& Jury Demand)

Comes now, the Plaintiff, **Paul A. Herman** (Hereinafter referred to as "**the Plaintiff**"), on behalf of himself and by and through undersigned counsel, who files this original complaint against the Defendant, **Complete Collection Service of South Florida, Inc.** (hereinafter referred to as "**CCS**"), and in support thereof would state the following:

### JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer against the named defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (hereinafter referred to as the "**FDCPA**"), the Florida Consumer Collection Practices Act - FS §559 et seq., (hereinafter referred to as the "**FCCPA**").

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d). Supplemental jurisdiction rests upon 28 U.S.C. §1367.

3. The Defendant **CCS** is a business entity that regularly conducts business and collection activity in the State of Florida and, as such, is a citizen of the State of Florida. **CCS** is a "debt collector" as defined by the FDCPA and as it uses interstate commerce in a business for which the principal purpose is to collect debts.

## VENUE

4. The venue in the United States District Court for the Middle District of Florida is proper and based upon the following:

   a. The violations of the FDCPA alleged below occurred and/or were committed in **Palm Beach County,** State of Florida within the Southern District of Florida;

   b. At all times material hereto, the Defendant **CCS**, was and continues to be a corporation engaged in business activities in Broward County, Florida and as such is a citizen of the State of Florida.

5. The plaintiff, is an individual residing in Palm Beach County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1692 et seq.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff is an "individual consumer" as defined by the FDCPA and is alleged to have incurred a financial obligation for primarily personal,

family or household purposes, or more specifically an alleged outstanding bill with Holy Cross Hospital which was subsequently assigned to Defendant **CCS**.

7. On or about Feb 13, 2009, Plaintiff received an initial dunning letter from CCS indicating that an amount of $177.46 was due for an admission date of 06/01/08 and discharge date of 06/30/08 at Holy Cross Hospital in Ft. Lauderdale, FL.

8. Upon receipt of the 2/13/09 letter, Plaintiff contacted and spoke to account representative "Nick" to dispute the debt and on 02/26/09, Nick confirmed receipt of the dispute letter sent by the Plaintiff to defendant CCS in accordance with §1692g of the FDCPA.

9. Plaintiff received subsequent correspondence on 03/25/09 seeking payment of the alleged debt of $177.46 from CCS and then spoke to Nick on 05/02/09 at which time Nick advised that the account was still open but that he had heard "nothing" from the Hospital.

10. Additionally, Plaintiff recently was advised that on 05/11/09, CCS reported a collection account with the credit reporting agencies and in particular with Experian in the amount of $177.00.

11. As of the date of this filing, CCS has yet to validate or otherwise respond to the dispute and request for verification from the Plaintiff in February 2009, yet continue to attempt to collect on the alleged debt as outlined above.

12. Therefore, the Defendant **CCS** has purposefully and willfully attempted to collect a debt in violation of §1692 et seq.

## COUNT ONE

## VIOLATION OF THE FDCPA – 15 U.S.C. §1692 et seq.

## BY DEFENDANT CCS

13. Plaintiff re-alleges and incorporates paragraphs 1 through 12 above as if fully stated herein.

14. Upon information and belief the foregoing acts and omissions of Defendant **CCS,** as further described within this Complaint, constitute violations of certain provisions of the FDCPA, and as such, each and every provision of 15 U.S.C. §1692 et seq., are at issue.

15. Upon information and belief, Defendant **CCS** has specifically violated 15 U.S.C. §1692e(2) and g(b) by attempting to collect on an alleged debt having misstated the amount claimed and failing to cease collection efforts until the debt is validated.

16. As a result of this violation of the FDCPA by Defendant **CCS**, the Plaintiff has suffered out of pocket expenses as well as other actual damages and is therefore entitled to an award of damages pursuant to 15 U.S.C. §1692k(a)(1-3) from Defendant **CCS**.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered against Defendant **CCS** for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages pursuant to 15 U.S.C. §1692k(a)(2); the costs associated with litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and such other relief the Court deems just, equitable and proper.

## COUNT TWO

## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) BY DEFENDANT UCP

17. Plaintiff re-alleges and incorporates paragraphs 1 through 12 above as if fully stated herein.

18. That Defendant **CCS** violated the Florida Consumer Collection Practices Act §559 *et seq.* including, but not limited to, violations of §559.72(9), by attempting to collect a debt unauthorized by law, to wit, attempting to collect an amount from the Plaintiff after Defendant corporation had been administratively dissolved by the Florida Department of State for failure to comply with Florida requirements for corporations doing business in this state.

19. Upon information and belief, Defendant **CCS** also violated the Florida Consumer Collection Practices Act §559 *et seq.* including, but not limited

to, violations of §559.715, by failing to provide the Plaintiff with written notification of the assignment of the debt within thirty (30) days of said assignment.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that a judgment be entered against Defendant **CCS** for an award of:

    a.    Statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    Such other relief the Court deems just, equitable and proper, including punitive damages and equitable relief.

## JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this 18th day of May, 2009.

Respectfully Submitted by,

**The Fair Credit Law Group, LLC**
**3330 NW 53rd Street**
**Suite 306**
**Ft. Lauderdale, FL 33309**
**Tel: 954-334-9100**

Fax: 954-986-4777

*[signature]*

Filed by: Joel A. Brown, Esq
FL Bar # 0066575
**Attorney for Plaintiff**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Paul A. Herman

**(b)** County of Residence of First Listed Plaintiff   palm beach county
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Joel A. Brown, Esq.
The Fair Credit Law Group. LLC
3330 NW 53rd Street suite 306 Ft. Lauderdale, FL 33309

### DEFENDANTS
Complete Collection Service of South Florida, Inc.

County of Residence of First Listed Defendant   palm beach county
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:09cv 80851-WPD-LSS

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☑ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE                              DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq; and the Florida Consumer Collection Practices Act - FS §559 et seq..
LENGTH OF TRIAL via  one  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE
May 20, 2009

FOR OFFICE USE ONLY
AMOUNT  350.00   RECEIPT # 544448   IFP